```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
    ROBIN FITZPATRICK,
                                        1:19-cv-07608-NLH
                Plaintiff,
                                        OPINION
    v.

    COMMISSIONER OF SOCIAL
    SECURITY,
                Defendant.
```

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

   *On behalf of Plaintiff*

ROXANNE ANDREWS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19123

   *On behalf of Defendant*

**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social Security

---

[1] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or

Act. 42 U.S.C. § 423, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, February 2, 2014. For the reasons stated below, this Court will reverse that decision and remand the matter for further proceedings.

I. BACKGROUND AND PROCEDURAL HISTORY

On April 17, 2014, Plaintiff, Robin Fitzpatrick, protectively filed an application for DIB,[2] alleging that she became disabled on February 2, 2014. Plaintiff claims that she can no longer work as a retail manager because of her mental impairments, status post-aortic valve replacement, fibromyalgia, and degenerative disc disease, among other impairments.

After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ,

---

physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the claimant. See SSA Handbook 1507; SSR 72-8.

2

which was held on December 7, 2017.  On March 22, 2018, the ALJ issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on December 27, 2018, making the ALJ's March 22, 2018 decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

**II.  DISCUSSION**

    **A.  Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing

court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

4

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

## B.    Standard for DIB

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[3] for determining disability that require application of a five-step

---

[3] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  None of these amendments directly impacts the resolution of Plaintiff's appeal.

6

sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy. If she is incapable, she will be found "disabled." If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In

7

the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.  Analysis

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that all of Plaintiff's claimed exertional impairments were severe, but she did not find any of Plaintiff's non-exertional impairments - adjustment disorder, anxiety disorder, and depressive disorder - to be severe.  At step three the ALJ determined that Plaintiff's severe impairments or her severe impairments in combination with her other impairments did not equal the severity of one of the listed impairments.  For steps four and five, the ALJ determined that Plaintiff could perform her past work as retail manager, which job is of a light exertional level and exists in sufficient numbers in the national economy, as well as several

8

other light exertional level jobs.[4]

Plaintiff presents several arguments on appeal for how the ALJ erred in her determination that Plaintiff is not disabled. Plaintiff's first argument concerns the ALJ's consideration of her mental impairments. Plaintiff argues that the ALJ erred by not finding that Plaintiff's mental health impairments to be severe at step two, and the ALJ further erred in failing to consider any mental limitations in her formulation of Plaintiff's RFC.

The Court agrees that the ALJ erred by not considering

---

[4] See 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor. In making disability determinations under this subpart, we use the following definitions:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. . . .").

Plaintiff's mental impairments in her RFC analysis.[5]  Because this finding requires a complete reassessment of Plaintiff's RFC, the Court will not opine on the other errors that Plaintiff claims the ALJ committed, all of which also concern other areas of the RFC assessment.

During the ALJ's step two assessment of Plaintiff's mental impairments, the ALJ concluded that Plaintiff's mental impairments of adjustment disorder, anxiety disorder, and depressive disorder were not severe.  The ALJ set forth Plaintiff's treatment records and noted that Plaintiff suffered from mild limitations in understanding, remembering, or applying information; no limitations in interacting with others; mild limitations in her ability to concentrate, persist, and maintain pace; and mild limitations in her ability to adapt or manage herself.  (R. at 17-18.)

Step two is not a high hurdle for an applicant, but she must demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more

---

[5] Even though Plaintiff argues that the ALJ erred by not considering her mental impairments to be "severe" at step two, the Court finds that the ALJ's decision on this issue is supported by substantial evidence.  The rationale for this conclusion is discussed in the Court's analysis of how the ALJ erred in conducting Plaintiff's RFC assessment.

10

than a minimal effect on an individual's ability to work." McCrea v. Commissioner of Social Sec., 370 F.3d 357, 360 (3d Cir. 2004) (citing SSR 85-28).  On this issue, the Court is satisfied that the ALJ's decision that Plaintiff's mental impairments were not "severe" is supported by substantial evidence.  See 20 C.F.R. § 404.1520(c) (if a mental impairment does not "significantly limit[] your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled"); 20 C.F.R. § 404.1521 ("An impairment . . . is not severe if it does not significantly limit your . . . mental ability to do basic work activities," such as "[u]nderstanding, carrying out, and remembering simple instructions," "[u]se of judgment," "[r]esponding appropriately to supervision, co-workers and usual work situations," and "[d]ealing with changes in a routine work setting.").

　　　This finding, however, does not eliminate Plaintiff's mental impairments from consideration during the ALJ's assessment of Plaintiff's RFC.  The ALJ is required to assess all of Plaintiff's medically determinable impairments – even ones that are not "severe" - in combination when making the RFC determination.  See 20 C.F.R. § 404.1545(a)(2) ("We will

11

consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

After determining that Plaintiff's mental impairments were not "severe" at step two (see R. at 17-18), the ALJ did not mention Plaintiff's mental impairments for the remainder of her assessment of Plaintiff's RFC (see R. at 19-27).  Instead, the ALJ's RFC assessment only considered the record evidence concerning Plaintiff's physical impairments, and the RFC formulated by the ALJ did not contain any limitations as to Plaintiff's mental impairments.  The only work restrictions the ALJ placed on Plaintiff concerned Plaintiff's ability to climb, stoop, crouch, kneel, crawl, reach, handle, and finger.  (R. at 20.)  The ALJ ultimately concluded that Plaintiff was capable of working at her past job as a retail manager, but she also found that Plaintiff had the capacity to perform other jobs such as apparel retail clerk, group sales representative, and merchant patroller.[6]

---

[6] A "merchant patroller" is defined by the Dictionary of Occupations Titles as: "Patrols assigned territory to protect persons or property: Tours buildings and property of clients,

12

The ALJ's failure to consider Plaintiff's mental impairments in the RFC determination is reversible error. Even though at step two the ALJ found Plaintiff's mental impairments to only "mildly" affect her functioning and therefore were not "severe," that finding is distinguishable from a finding that Plaintiff suffered from no medically determinable mental impairments at all. If that were the case, the ALJ would not be required to consider an ailment that is not medically determinable.[7]

---

examining doors, windows, and gates to assure they are secured. Inspects premises for such irregularities as signs of intrusion and interruption of utility service. Inspects burglar alarm and fire extinguisher sprinkler systems to ascertain they are set to operate. Stands guard during counting of daily cash receipts. Answers alarms and investigates disturbances [ALARM INVESTIGATOR (business ser.)]. Apprehends unauthorized persons. Writes reports of irregularities. May call headquarters at regular intervals, using telephone or portable radio transmitter. May be armed with pistol and be uniformed. May check workers' packages and vehicles entering and leaving premises."  DOT 372.667-038.

[7] See Diciano v. Commissioner of Social Security, 2019 WL 6696523, at *4 (D.N.J. 2019) (explaining that "[i]t is true that an ALJ must assess a claimant's severe impairments in combination with non-severe impairments," but "an ALJ does not have to consider an alleged impairment if he does not find such an impairment is medically determinable") (citing 20 C.F.R. § 404.1529; POMS, DI 25205.005 Evidence of a Medically Determinable Impairment ("A medically determinable physical or mental impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. The impairment must be established by objective medical evidence (signs, laboratory findings, or both) from an acceptable medical

13

In contrast to that scenario, however, the regulations require an ALJ to consider non-severe, but medically determinable, impairments in combination with severe impairments in the RFC determination. Thus, Plaintiff's medically determinable mental impairments, even though not "severe," presumably have some degree of impact on Plaintiff's RFC.[8] For example, do Plaintiff's mild limitations in understanding, remembering, applying information, concentrating, and managing oneself affect Plaintiff's ability to be a "merchant patroller," who "patrols assigned territory to protect persons or property," or a "group sales representative," who "[t]elephones, visits, or

---

source, not on an individual's statement of symptoms."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

[8] Cf. Torres v. Commissioner of Social Security, 2018 WL 1251630, at *5 (D.N.J. 2018) (explaining that when an ALJ finds that the claimant has at least one severe impairment, omission of another at step two may be harmless error as long as the impairment is considered regarding the RFC or would not affect the outcome of the case) (citing Richardson v. Commissioner of Social Security, 2017 WL 6550482, at *5 (D.N.J. 2017) (citing Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff]'s favor at Step Two, even if he had erroneously concluded that some of h[is] other impairments were non-severe, any error was harmless."); Rutherford v. Barnhart, 399 F.3d 546, 552–53 (3d Cir. 2005)). This is not the case here.

writes to organizations, such as chambers of commerce, corporate-employee-recreation clubs, social clubs, and professional groups, to persuade them to purchase group tickets or season tickets to sports or other entertainment events"?  The impact of Plaintiff's mental impairments may only require minor modifications to Plaintiff's RFC, with the end result being that Plaintiff is still capable of performing work at the light exertional level.  The Court and Plaintiff, however, are left to guess if that would truly be the result.

The Court cannot weigh the evidence or substitute its conclusions for those of the ALJ, or independently determine the impact of Plaintiff's mental impairments in combination with her physical impairments on her RFC.[9]  Without the ALJ performing that analysis, this Court cannot determine whether the ALJ's decision is supported by substantial evidence.  Consequently, the matter must be remanded for further proceedings so that the ALJ may properly consider how Plaintiff's mental impairments affect her RFC and her capability to perform past relevant work

---

[9] See Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010) (citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (explaining that the pinnacle legal principal that applies to the assessment of all of the other standards: A district court is not empowered to weigh the evidence or substitute its conclusions for those of the ALJ).

15

and other work that exists in the national economy. Cf. Ortiz v. Colvin, 227 F. Supp. 3d 350, 360 (D.N.J. 2017) (reversing and remanding ALJ decision because the ALJ did not consider the plaintiff's mental impairments in combination with her other impairments when performing the RFC assessment, and finding "the reference that Plaintiff can perform simple and repetitive tasks does not specifically convey her mental limitations and greater specificity is required" (citing Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002) (quotations omitted)); Curry v. Commissioner of Social Security, 2017 WL 825196, at *6 (D.N.J. 2017) (reversing and remanding ALJ decision because the ALJ did not consider the plaintiff's mental impairments in combination with her other impairments when performing the RFC assessment, even when those mental impairments were not "severe"); Melendez v. Colvin, 2016 WL 4764819, at *5 (D.N.J. Sept. 12, 2016) (finding that if the court were considering the physical limitations alone, it would affirm, but reversing and remanding because the RFC did not appropriately account for the plaintiff's mental impairments in combination with the physical impairments).

## III. Conclusion

For the reasons expressed above, the ALJ's determination

16

that Plaintiff was not totally disabled because Plaintiff retained the ability to perform past relevant work and other work in the national economy is not supported by substantial evidence.  The decision of the ALJ is reversed and remanded for further proceedings consistent with this Opinion.

An accompanying Order will be issued.


Date: April 15, 2020               s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.