```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| ROBIN FITZPATRICK, | | |
| Plaintiff, | | No. 1:19-cv-07608-NLH |
| v. | | |
| COMMISSIONER OF SOCIAL SECURITY, | | **OPINION AND ORDER** |
| Defendant. | | |

**APPEARANCES**:

RICHARD L. FRANKEL
BROSS & FRAINKEL
102 BROWNING LANE, BUILDING C-1
CHERRY HILL, NEW JERSEY 08003

   *On behalf of Plaintiff*

CRAIG CARPENITO
ROXANNE ANDREWS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL, REGION III
P.O. BOX 41777
PHILADELPHIA, PA 19101

   *On behalf of Defendant*

**HILLMAN**, **District Judge**

   WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Richard L. Frankel's (Counsel of Plaintiff, "Counsel") Motion for Attorney's Fees; and

WHEREAS, on April 15, 2020, the Court granted Counsel's appeal, and ordered that the final decision of the Commissioner be reversed and remanded for further proceedings; and Counsel represents that the Social Security Administration awarded retroactive benefits to Plaintiff in the amount of approximately $91,361.48, and withheld $22,840.37, representing the contractual contingency fee of 25 percent of past-due benefits; and

WHEREAS, on April 23, 2020, Defendant filed a stipulated consent order for Payment of Equal Access to Justice Act ("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $5,000.00 and costs in the amount of $400.00 in full satisfaction of Counsel's EAJA; and

WHEREAS, on April 24, 2020, the Consent Order was approved by this Court; and

WHEREAS, on that same date, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $22,850.37; and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

which claimant is entitled by reason of such judgment," 42 U.S.C. §406(b)(1); and

WHEREAS, Counsel has certified that a total of 25.4 hours were expended on Plaintiff's civil action, which led to a positive result for Plaintiff, who contractually agreed to pay the contingency fee; and

WHEREAS, the Commissioner has filed a letter response to Counsel's petition for attorney's fees, neither supporting nor opposing counsel's request for attorney's fees in the amount of $22,840.37; and

WHEREAS, the Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding, see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

3

WHEREAS, the Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. Counsel has practiced law for over 15 years and is known for his work in the disability law field; and

2. The fee requested would result in an imputed effective hourly rate approximately less than twice Counsel's standard non-contingent fee rate of $450.00 per hour, which has been found to be reasonable, see Rothenbecker v. Astrue, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (quoting Hayes v. Sec'y of HHS, 923 F.2d 418, 422 (6th Cir. 1990); and

3. While seemingly high, the resulting imputed effective hourly rate of $702.37[1] is not inconsistent with previously approved rates in contingency fee cases which carry a risk of non-recovery, see Gonzales v. Comm'r of Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving an imputed hourly rate of $992.80); Mignone v. Comm'r of Soc. Sec., No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); Leak v. Comm'r of

---

[1] The imputed effective hourly rate of $702.37 is calculated here by subtracting the EAJA award of $5,000 that will be remitted to the Plaintiff from the overall amount of $22,840.37 withheld by the Commissioner for the payment of attorney's fees, dividing by the 25.4 hours of work by Counsel, certified in the EAJA fee petition.  (22,840.37-5,000 = 17,840.37; 17,840.37/25.4 = 702.37).

4

Soc. Sec., No. 11-51, 2017 WL 5513191, at *1 (approving an imputed hourly rate of $745.24); see also Wilson v. Astrue, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (approving an hourly rate of $1,155.59 because the hourly rate deserved less weight where the case was difficult and counsel was highly skilled in social security representation); and

    4. Counsel has agreed to remit to Plaintiff the $5,000 in EAJA fees which the Court previously awarded on April 24, 2020, which means that the overall fees retained by Counsel would be within the boundaries of reasonableness, see Perez v. Barnhart, No. 02-3779, 2006 WL 781899(E.D. Pa. 2006); and

    5. There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

    6. Counsel was able to able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits over a span of 6 years, and that Plaintiff continued to be disabled for ongoing future benefit payments, provided Plaintiff remains disabled; and

    7. Plaintiff agreed to the 25 percent contingency fee; and

    WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency expressly permitted by § 406(b) is reasonable under these circumstances;

    Accordingly,

    IT IS on this 3rd day of June, 2022

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff the $5,000 in EAJA fees the Court previously awarded on April 24, 2020; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED, and Counsel shall be awarded $22,850.37 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

At Camden, New Jersey
                                              s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.